IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

United States of America,   :

    Plaintiff,   :

  v.   :   Case No. 2:05-cr-0231

Douglas E. Berry,   :   JUDGE FROST

    Defendant.   :

## DETENTION ORDER

The above defendant appeared before the Court for a detention hearing on January 26, 2006. At the conclusion of the hearing, defendant was ordered detained without bond pending further proceedings. The purpose of this order is to set forth in writing the reasons for that decision.

The defendant was indicted on November 10, 2005 on one count of distribution of 50 or more grams of crack cocaine, a charge which carries a mandatory minimum sentence of 10 years. It also carries with it a presumption of detention. The United States' request for detention was based primarily upon the indictment and is evaluated under the following legal standard.

<u>Legal Standard Applicable</u>. The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses and certain firearm offenses. That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of

>            imprisonment of ten years or more is
>            prescribed in the Controlled Substances
>            Act (21 U.S.C. 801 et seq)...."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

   The proper effect to be given to the rebuttable presumption created by a charge under the Controlled Substances Act is discussed in United States v. Jessup, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

   In order to attempt to rebut the presumption of detention

arising from charges under the Controlled Substances Act or other applicable statute, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

There was nothing in the Pretrial Services Report which suggested that the defendant is a good candidate for release on bond.  Although he is a Columbus resident, he has never held a job and does not contribute toward household expenses.  He has a lengthy history of marijuana use and has never participated in treatment.  Perhaps most significantly, his criminal record, which is lengthy, is replete with failures to appear in court.  On many occasions, bench warrants were issued for the defendant because he failed to appear.  He also has a felony drug conviction for which he received jail time and probation, and his probation was extended and then revoked.  Given the serious nature of the current charges, the defendant's complete lack of employment history, his prior felony conviction, and his atrocious record of failing to appear in court or otherwise complying with supervisory conditions, the Court concluded that he had not overcome the presumption and that he should be detained without bond pending further proceedings.

The defendant was advised of his right to have this order

3

reviewed by a United States District Judge pursuant to 18 U.S.C. §3145(b).

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge