**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DOUGLAS E. BERRY,**

    **Petitioner,**

    **v.**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**CASE NO. 2:13-cv-723**
**CRIM. NO. 2:05-CR-231**
**JUDGE FROST**
**MAGISTRATE JUDGE KING**

REPORT AND RECOMMENDATION

On March 15, 2007, petitioner Douglas E. Berry was convicted, based on the jury's verdict, of conspiring to distribute and possess with intent to distribute five kilograms or more of cocaine and 50 grams or more of cocaine base in violation of 21 U.S.C. § 846 and of distribution of 50 grams or more of cocaine base in violation of 21 U.S.C. § 841. He was sentenced to 235 months in prison on each count, to be served concurrently. *Judgment*, Doc. No. 107.[1] That judgment was affirmed by the United State Court of Appeals for the Sixth Circuit. *United States v. Berry*, 290 Fed. Appx. 784, unpublished, 2008 WL 3820491 (6th Cir. Aug 13, 2008). On January 19, 2010, petitioner filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, challenging the "100-to-one ratio" in crack cocaine sentences as well as the effective assistance of his trial and appellate attorneys. *Motion to Vacate*, Doc. No. 136. The Court dismissed that *Motion to Vacate* on September 13, 2011, *Opinion and Order*, Doc. No. 144, and both this Court and the Court of Appeals

---

[1] Petitioner's sentence was subsequently reduced to 188 months. *Order*, Doc. No. 135.

declined to issue a certificate of appealability. *Order*, Doc. No. 148; *Order*, Doc. No. 149. The United States Supreme Court denied the petition for a writ of *certiorari*. *Berry v. United States*, 133 S.Ct. 1304 (Feb. 19, 2013). This matter is now before the Court on petitioner's July 22, 2013 *Motion to Vacate under 28 U.S.C. § 2255*, Doc. No. 157.

In his current *Motion to Vacate*, petitioner claims that his sentence was imposed in violation of his Sixth Amendment rights in light of *Alleyne v. United States*, -- U.S., --, 133 S.Ct. 2151 (2013). This claim was not raised in petitioner's first *Motion to Vacate*.

Before a second or successive motion to vacate under 28 U.S.C. § 2255 can be filed in a district court, the applicant must move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. §§ 2244(b)(3)(A), 2255(h). A district court lacks jurisdiction to entertain a successive motion to vacate in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. Unless the United States Court of Appeals for the Sixth Circuit has approved the filing of a second or successive motion to vacate, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). The Court of Appeals will grant leave to file a successive motion to vacate only if the motion presents

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Under the circumstances, this Court is without jurisdiction to entertain petitioner's successive *Motion to Vacate,* Doc. No. 157, unless and until the United States Court of Appeals for the Sixth Circuit authorizes the motion.

It is therefore **RECOMMENDED** that petitioner's July 22, 2013 *Motion to Vacate*, Doc. No. 157, be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the

decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                      *s/ Norah McCann King*
                                      Norah McCann King
                        United States Magistrate Judge

July 23, 2013